Argued and submitted July 24, 1991, convictions affirmed; remanded for resentencing April 22, reconsideration denied July 15, petition for review denied August 25, 1992 (314 Or 176)

STATE OF OREGON,
*Appellant,*

*v.*

KEVIN LEE SCHUH,
*Respondent.*

(C900363CR; CA A65916 (Control))

STATE OF OREGON,
*Appellant,*

*v.*

JERRY HENRY HOOKIE,
*Respondent.*

(C900362CR; CA A65917)
(Cases Consolidated)

829 P2d 1040

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for appellant in each case. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Sally L. Avera, Public Defender, Salem, argued the cause for respondent in each case. With her on the brief was Stephen J. Williams, Deputy Public Defender, Salem.

Before Richardson, Presiding Judge, and Warren and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

In these cases, consolidated for appeal, each defendant pled guilty, pursuant to plea negotiations, to "delivery of a controlled substance * * * as part of a scheme or network," ORS 475.992(2)(a), and was placed on probation. The state appeals.

Under the sentencing guidelines, the offense is in category 8 on the crime seriousness scale (OAR ch 253, div 4, app 4). Defendant Hookie agreed that the crime to which he pled guilty is in grid block 8-H, and Schuh agreed that his crime is in grid block 8-I. The presumptive sentence for grid block 8-H is 19 to 20 months in prison and for 8-I, 16 to 18 months. An optional probationary sentence is authorized under OAR 253-05-006 if, among other things, the court makes specific findings regarding availability of a treatment program. The optional probationary sentence is not a departure if it is authorized by the rule. OAR 253-05-006(3).

■    The threshold questions are whether we have jurisdiction and what we may review. ORS 138.060(5) provides that the state may appeal from a "judgment of conviction based on the sentence as provided in ORS 138.222." We have jurisdiction of the state's appeal. The more vexing problem is the scope of our review. ORS 138.222(1) provides that a sentence imposed under the guidelines "may be reviewed only as provided by [ORS 138.222]." Subsection (2) of that section provides that the appellate court shall not review

"(b) [a] sentence of probation when the rules of the State Sentencing Guidelines Board prescribe a presumptive sentence of imprisonment but allow a sentence of probation without departure."

ORS 138.222(4) provides that, in any appeal, the appellate court may review a claim that:

"(a) The sentencing court failed to comply with requirements of the law in imposing * * * a sentence."

Defendants contend that we may not review the sentence, because the court imposed probation without a departure. ORS 138.222(2)(b). The state argues that we may review to determine if, in imposing an optional probationary sentence, the court "failed to comply with requirements of law," ORS 138.222(4)(a), because, if it did, probation was not

authorized by OAR 253-05-006 and it is a departure, which is reviewable.

The seeming conflict between the prohibition against review in ORS 138.222(2)(b) and the permissive review in subsection (4) arises because of the way that the parties frame the issue. Defendants are correct that we may not review a sentence of probation when it is not a departure. However, whether the guidelines allow for optional probation in a particular case is reviewable under ORS 138.222(4) as to whether the court followed the law.

■     OAR 253-05-006(1) allows optional probation, if the court specifically finds that:

"(a)   An appropriate treatment program is likely to be more effective than the presumptive prison term in reducing the risk of offender recidivism;

"(b)   The recommended treatment program is available and the offender can be admitted to it within a reasonable period of time; and

"(c)   The probationary sentence will serve community safety interests by promoting offender reformation."

Each judgment provides:

"The Court grants to defendant optional probation and FINDS that an appropriate treatment program is likely to be more effective than the presumptive prison term in reducing the risk of offender recidivism. The Court FINDS the appropriate treatment program to be defendant's brain and society at large. The Court FINDS this program available and defendant can be admitted to it within a reasonable time. The Court further FINDS the probationary sentence will serve community safety interests by promoting offender reformation."[1]

---

[1] The court explained its findings:

"I am violating the guidelines, because I am sentencing you as a person, because I really think without all these crutches you brought in here — including your old man, maybe — you can make it in this system. You are treatable by your own brain. That ought to be a sufficient finding, isn't it? I am saying you are treatable by your own brain, and I am going to prohibit you from being treated by anybody else but your own brain, see."

In response to an inquiry about the recommended treatment program, the court said:

"That is called our society. The treatment program is our society, because if he just watches it, he will see much good and little evil, but he hasn't been watching it, and he has been engaging in much evil and little good."

The state argues that the probationary sentences are not lawful, because defendants' "brains" and "society" do not qualify as an "appropriate treatment program" under the rule.

Our authority to review is limited. We do not accept the state's suggestion that we essentially review the required findings, as we would when a sentence is a departure. The state reasons that probation becomes a departure if the rule is not followed; therefore, this court must determine if there is evidence to support the required findings and whether the reasons advanced are sufficient to justify optional probation. There is nothing in the rule requiring the trial court to give substantial or compelling reasons for a non-departure sentence. If the court makes the required findings, we cannot examine its reasons for selecting probation rather than the presumptive prison term or its reasons for selecting a particular, appropriate treatment program.

The parties correctly note that the statute and the sentencing guidelines rules do not define "appropriate treatment program." However, the sentencing guidelines commentary to OAR 253-05-006 provides some guidance:

> "The Guidelines Board decided that the probationary option should only be used if an effective treatment program is available to reduce the likelihood of recidivism." Oregon Sentencing Guidelines Implementation Manual 109 (1989).

It clearly appears that the authority of a court to impose probation under the rule is limited when the court places the defendant in a particular treatment program designed to accomplish the aims of the guidelines. Whatever may be the outer limits of our review of the findings required for imposing optional probation, that review certainly encompasses determining if the court has designated a treatment program.

In a strict literal sense, the court made findings in accordance with the rules. However, the trial judge even acknowledged that his compliance was superficial and in violation of the guidelines. A defendant's brain and society at large are not particular programs designed for treatment of convicted persons to forestall recidivism. We conclude that the court "failed to comply with requirements of law in imposing" the sentence, ORS 138.222(4)(a), and that the

findings stated by the trial court do not support optional probation.

Convictions affirmed; remanded for resentencing.